**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) KERI BROWN, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-25-CVE-FHM |
| ) | (Tulsa County District Court |
| (1) AMERICAN COMMERCE INSURANCE ) | CJ-2012-2455) |
| COMPANY, an Ohio Insurance Company, ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF REMOVAL**

**COMES NOW** Defendant American Commerce Insurance Company, pursuant to 28 U.S.C. §§ 1441 and 1446, and files this Notice of Removal of the above-titled action from the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma.

**DEFENDANT'S STATEMENT OF GROUNDS FOR REMOVAL**

1. Plaintiff is a citizen of the state of Oklahoma.

2. Defendant is a foreign corporation created under the laws of the state of Ohio and having its principal place of business in the state of Massachusetts.

3. Plaintiff filed a petition in state district court, Tulsa County, Oklahoma, asserting she was injured in a traffic accident on April 13, 2009. (Exhibit # 1, Petition, 2).

4. Plaintiff asserted she was an insured under an insurance policy issued by Defendant to Virgil and Twyla Jones, and was entitled to $50,000 in uninsured/underinsured motorist coverage proceeds under the policy. (Id. at ¶¶ 6 and 13).

4. On January 10, 2013, Defendant's attorney received a letter from Plaintiff's attorney demanding $193,567.00 in settlement of her claim. (Exhibit # 2, Demand Letter).

5. This Court has jurisdiction because of the complete diversity of citizenship of the parties hereto, and the sufficiency of the amount in controversy, pursuant to 28 U.S.C. § 1332(a)(1).

6. While the amount claimed in Plaintiff's state court petition is for less than the $75,000 required by § 1332(a)(1) to establish jurisdiction in this Court, Plaintiff has now made a written demand of settlement for more than that amount. This District, in accordance with many other federal districts, follows the rule that a demand letter may be considered an "other paper" from which a defendant can determine the amount in controversy under § 1446(b). *Rodrigues v. Alea London Ltd.*, 2008 WL 2557599 at 1 (N.D.Okla. 2008). Thus, despite Plaintiff's allegation in her Petition that she sought less than the requisite amount for diversity jurisdiction, because the amount which she has now demanded in writing is for more than the minimum amount required to establish jurisdiction in this Court, the requirements of § 1332(a)(1) are met.

7. In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, copies of all documents served on ACIC in the case to date, along with a copy of the Docket Sheet, are submitted with this Notice of Removal. (*See* Exhibit # 1, Petition; Exhibit # 3, Court Filings; Exhibit # 4, Docket Sheet).

WHEREFORE, premises considered, Defendant ACIC does respectfully pray that its Notice of Removal be accepted by this Court, and that the lawsuit proceed as an action properly removed to this court's jurisdiction.

Respectfully submitted,

*s/Randy Lewin*  
Phil R. Richards, OBA #10457  
Randy Lewin, OBA #16518  
RICHARDS & CONNOR  
12th Floor, ParkCentre Bldg.  
525 S. Main Street  
Tulsa, Oklahoma  74103  
Telephone:  918/585.2394  
Facsimile:  918/585.1449  

ATTORNEYS FOR DEFENDANT  
AMERICAN COMMERCE INSURANCE  
COMPANY

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 11th day of January, 2012, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Robert L. Rode, Esq.
Jesse L. Fettkether, Esq.
David C. Bean, Esq.
Bodil M. Mills, Esq.
RODE LAW FIRM
400 S. Boston, Suite 500
Tulsa, Oklahoma  74103

ATTORNEYS FOR PLAINTIFF
KERI BROWN

                                        *s/Randy Lewin*_____